**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JUAN GALLEGOS AND MARISELA GALLEGOS,** | § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION NO. _____** |
| **v.** | § § | |
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AND BRANDON TARVER,** | § § § § | |
| **Defendants.** | § § | |

---

**DEFENDANTS ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S AND BRANDON TARVER'S NOTICE OF REMOVAL**

---

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Allstate Fire And Casualty Insurance Company and Brandon Tarver in Cause No. 2016DCV2813, pending in the County Court At Law No. 5 of El Paso County, Texas, file this Notice of Removal from that court to the United States District Court for the Western District of Texas, El Paso Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

**I.**
**FACTUAL BACKGROUND**

1.1 On or about July 25, 2016, Plaintiffs filed Plaintiffs' Original Petition in the matter styled *Juan Gallegos and Marisela Gallegos v. Allstate Fire And Casualty Insurance Company and Brandon Tarver,* Cause No. 2016DCV2813, pending in the County Court At Law No. 5 of El Paso County, Texas, in which Plaintiffs made a claim for damages to their home under a homeowner's insurance policy with Allstate Fire And Casualty Insurance Company.

**NOTICE OF REMOVAL - PAGE 1**
2556649v1
00364.999

1.2     Plaintiffs served Defendant Allstate Fire And Casualty Insurance Company and Brandon Tarver ("Allstate") with Plaintiffs' Original Petition and process on August 31, 2016, by process server on its registered agent, CT Corporation System.

1.3     Plaintiffs served Defendant Brandon Tarver ("Tarver") with Plaintiffs' Original Petition and process on September 6, 2016 at his residence located at 142 Sol Circle, Royce City, Texas 75189 by process server .

1.4     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court.  Attached as Exhibit "B" is a copy of the docket listing and all documents filed in the state court action are attached as Exhibits "B-1" through Exhibit "B-5" as identified on the Index of State Court Documents.

## II.
## BASIS FOR REMOVAL

2.1     Defendants file this notice of removal within 30 days of receiving Plaintiffs' Original Petition.  *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

> **A.     THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP AND THE COURT SHOULD DISREGARD THE CITIZENSHIP OF DEFENDANT BRANDON TARVER BECAUSE HE HAS BEEN IMPROPERLY JOINED IN THIS LAWSUIT.**

2.3     Plaintiffs are, and were at the time the lawsuit was filed, natural persons and residents of El Paso County in the State of Texas and thus, are citizens of Texas.  *See* Plaintiffs' Original Petition, ¶ 2.  On information and belief, Plaintiffs intend to continue residing in Texas and are thus domiciled in Texas.  See *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571

(5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4     Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes, and therefore, complete diversity exists.

2.5     Defendant Brandon Tarver, although not a proper party to this lawsuit, is, and was at the time the lawsuit was filed, a citizen of the State of Texas.  *See* Plaintiffs' Original Petition, ¶ 4.

**B.     DEFENDANT ADJUSTER, BRANDON TARVER HAS BEEN IMPROPERLY AND/OR FRAUDULENTLY JOINED IN THIS LAWSUIT.**

2.6     With respect to the claims against adjuster Defendant Tarver, it is Defendant Allstate's position that he has been improperly joined in this action and is therefore are not a proper party to this lawsuit.  Therefore, the Texas citizenship of Defendant Tarver should be disregarded for the purposes of evaluating diversity in this matter.

2.7     The doctrine of fraudulent joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The removing party bears the burden of demonstrating improper joinder.  *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

2.8     The Fifth Circuit has explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).[1]  Under the

---

[1] In the present matter, Allstate contends that only the second way is applicable here.

second way, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to *recover* against an in-state defendant." *Id.* at 573 (emphasis added).  The Fifth Circuit's *en banc* decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. *Id.* ("To reduce possible confusion, we adopt this phrasing of the required proof *and reject all others*, whether the other appear to describe the same standard or not.") (emphasis added).

2.9     A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.* "'The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., No. 14-20552, 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting Smallwood, 385 F.3d at 573). "Certainly a court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both." *Id.* at *7.

2.10     If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. However, in *International Energy Ventures Management., L.L.C. v. United Energy Group.*, the Fifth Circuit recently opined that this particular language of *Smallwood* "must not be read to imply that a state pleading standard applies." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, at *7. The court further stated that "the Smallwood opinion unequivocally announced its own test for improper joinder under the second 'way' immediately thereafter," which did not include the *in state court*

language.[2] *Id.* Thus, if a federal court chooses to conduct a Rule 12(b)(6)-type analysis to determine whether there is no reasonable basis to predict that a plaintiff might be able to recover against a nondiverse defendant, then the court must "apply the federal pleading standard embodied in that analysis." *Id.* at *8. Because "the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in Bell Atlantic Corp. v. Twombly: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.''" *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twobly*, 550 U.S. 544, 547 (U.S. 2007).

2.11     Further, under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2).  The purpose is to give the defendant "fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. V. Twombly*, 550 U.S. 554, 555 (2007) (internal quotation marks and ellipsis omitted).  And the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 547.  Yet the Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  And "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).  "When the pleaded factual

---

[2] The *Smallwood* test is "whether the defendant has demonstrated that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *See Smallwood*, 385 F.3d. at 573. This test does not mention a state pleading standard.

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility.  *Iqbal*, 556 U.S. at 663.

2.12    Here, Plaintiffs fail to offer any specific facts in support of his claims against the adjuster Defendant Tarver and therefore fails to make the required "factual fit between [their] allegations and the pleaded theory of recovery."  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).  *See* Plaintiffs Original Petition, ¶13.  Further, Plaintiffs conclusory allegations are merely a recitation of the statutory language from Chapter 541 of the Texas Insurance Code and contain no reference to any material facts to which the law should apply.[3]  Plaintiffs Original Petition actually alleges nothing more than Defendants violated Chapter 541 of the Insurance Code.

2.13    Repeating statutory language is not the same as pleading actionable facts to which a statute should apply.  To the contrary, Plaintiffs failure to mention any actionable facts related to the conduct of the adjuster Defendant Tarver constitutes a failure to state a claim and improper joinder of that party. *See, e.g., Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not

---

[3]  Compare ¶20-27 of Plaintiffs Original Petition with Tex. Ins. Code. Ann §§ 541.060 (a)(1), (2)(A), (3), (4)(A)-(B), and (7). The latter reads:

   (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
   (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
   (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
   (A) a claim with respect to which the insurer's liability has become reasonably clear;
                                        ****
   (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
   (4) failing within a reasonable time to:
   (A) affirm or deny coverage of a claim to a policyholder; or
   (B) submit a reservation of rights to a policyholder;
                                        ****
   (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co* ., 4:09-cv-165-A, 2009 WL 1437837, at \*3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at \*2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at \*6 (E.D. Tex. Sept. 29, 2008) (holding that the plaintiffs' Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs*, 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent).

2.14    Also, Plaintiffs allegations against Tarver for violations of the Texas Insurance Code also fail to demonstrate a reasonable basis to recover against him because Plaintiffs fail to allege that Tarver's alleged misrepresentations related to coverage at issue or the details of the Plaintiffs insurance policy with Allstate. As explained by Judge Sidney Fitzwater of the United States District Court for the Northern District of Texas in his opinion in *One Way Investments, Inc. v. Century Surety Company, et al.*, 2014 WL 6991277(N.D. Tex. Dec. 11, 2014), the type of allegations alleged against Tarver, all of which relate to his inspection and determination regarding the extent of damage, are not actionable under the Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy.

2.15    Based upon the foregoing, adjuster Defendant Tarver has been improperly and/or fraudulently joined in this action to defeat diversity jurisdiction.

C.     THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL
REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.16     In determining the amount in controversy, the court may consider "policy limits...

penalties, statutory damages, and punitive damages."     *St. Paul Reinsurance Co., Ltd. v.*

*Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-

CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount

in controversy in plaintiff's case against their insurance company for breach of contract, fraud,

negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the

Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S.*

*May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the

potential for recovery of punitive damages for the amount in controversy determination); *Chittick*

*v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in

controversy after considering the nature of the claims, the types of damages sought and the

presumed net worth of the defendant in a claim brought by the insureds against their insurance

company for actual and punitive damages arising from a claim they made for roof damages).

2.17     This is a civil action in which the amount in controversy exceeds $75,000.00.

Plaintiffs allege that Defendants are liable under a residential insurance policy because Plaintiffs

made a claim under that policy and Defendants wrongfully adjusted and denied Plaintiffs' claim.

2.18     Plaintiffs have specifically pled that they are seeking monetary relief over

$200,000, but not more than $1,000,000. *See* Plaintiffs' Original Petition, ¶ 5.  This evidence

clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional

requirements.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Defendant Allstate was first served with Plaintiffs' Original Petition and process on August 31, 2016.  Further, Defendant Tarver was served with Plaintiffs' Original Petition and process on September 6, 2016.  This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. §1446(d), promptly after Defendants file this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the El Paso County District Court, promptly after Defendants file this Notice.

### IV.
### CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendants Allstate Fire And Casualty Insurance Company and Brandon Tarver hereby remove this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Vanessa A. Rosa*

    Vanessa A. Rosa
    State Bar No. 24081769
    vrosa@thompsoncoe.com
    Roger D. Higgins
    State Bar No.  09601500, IL 6182756
    rhiggins@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:      (214) 871-8200
Fax:           (214) 871-8209

ATTORNEYS FOR DEFENDANTS
ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY AND BRANDON TARVER

## <u>CERTIFICATE OF SERVICE</u>

    This is to certify that on September 29, 2016, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

    Cristobal M. Galindo
    E-Mail: StormCase@galindolaw.com
    Cristobal M. Galindo, P.C
    4151 Southwest Freeway, Suite 602
    Houston, Texas 77027
    T: 713.228-3030 / F: 713.228-3003

        */s/ Vanessa A. Rosa*
          Vanessa A. Rosa