IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JUAN GALLEGOS AND MARISELA GALLEGOS, | § § § § § | |
| Plaintiff, | § § | |
| v. | § | EP-16-CV-00433-FM |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AND BRANDON TARVER, | § § § § § § | |
| Defendant. | § | |

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

On this day, the court considered "Plaintiffs Juan Gallegos' and Marisela Gallegos' Opposed Motion to Remand and Memorandum of Law in Support," ("Motion") [ECF No. 4], filed October 28, 2016. Although the Motion states that it is opposed, the court has not yet received any opposition, and finds one unnecessary to rule on the Motion. After considering the Motion and the applicable law, the Motion is **GRANTED**.

**I.   BACKGROUND**

  *A.   Procedural History*

On July 25, 2016, Plaintiffs commenced this action in the County Court at Law Number 5 in El Paso County, Texas.[1] This case involves an insurance dispute between Juan and Marisela Gallegos ("Plaintiffs") and Allstate Fire and Casualty Insurance Company ("Allstate").[2] The dispute concerns damages to Plaintiffs' home caused by a hail and wind storm on October 6, 2015.[3] After Plaintiffs notified Allstate, the insurance carrier assigned Brandon Tarver ("Tarver") as the individual adjuster on

---

[1] Mot. 2 ¶ 3.

[2] *Id*. at 1 ¶ 1.

[3] *Id*.

the claim.[4]

On September 29, 2016, defendants Allstate and Tarver removed this case to federal court on diversity grounds. Both the Plaintiffs and Tarver are citizens of Texas, and Defendants allege that Plaintiffs named Tarver solely to preclude federal diversity jurisdiction.[5] In removing the case, they argued that Tarver's citizenship should be disregarded pursuant to the doctrine of fraudulent joinder.[6] On October 28, 2016, Plaintiffs filed this Motion.

According to Plaintiffs, Tarver's inspection was inadequate. They allege that he substantially "underestimated and undervalued" the cost to repair the damages, which in turn led Allstate to issue an insufficient payment.[7] Plaintiffs further assert that Tarver's conduct amounted to multiple violations of the Texas Insurance Code.[8] They allege that he misrepresented a material fact relating to the insurance coverage at issue,[9] that he failed to attempt to settle Plaintiff's claim in a fair manner,[10] that he failed to offer adequate settlement,[11] and that he knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.[12]

B.   *Plaintiffs' Arguments*

Plaintiffs argue that this court lacks jurisdiction over this case because Defendant Tarver is a

---

[4] *Id*. at ¶ 2.

[5] "Defendants Allstate Fire and Casualty Insurance Company's and Brandon Tarver's Notice of Removal," 7 ¶ 2.15, ECF No. 1, filed Sept. 29, 2016.

[6] *Id*. at 3 ¶ 2.7.

[7] Mot. 1–2 ¶ 2.

[8] "Plaintiffs' Original Petition," ECF No. 1–3, Ex. B-1, filed Sept. 29, 2016.

[9] *Id*. at 5 ¶ 20.

[10] *Id*. ¶ 22.

[11] *Id*.

[12] "Plaintiffs' Original Petition," ECF No. 1-3, Ex. B–1 at 5–7.

properly joined defendant who defeats diversity.[13]  They allege that it is Defendants' burden to establish that Tarver was improperly joined.[14]  They reason that Defendants must provide "clear and convincing evidence" that proves "with certainty" that there was no "reasonable basis" on which to conclude that Plaintiffs may be able to establish a cause of action against Tarver in Texas state court.[15]  They go on to allege that Defendants have not met the heavy burden of proving fraudulent joinder; as a consequence, they insist, Defendants have failed to establish complete diversity, and the claim must be remanded.[16] Plaintiffs further insist that they have pled sufficient factual allegations against Tarver to establish a viable claim against him.[17]

## II.   APPLICABLE LAW

### A.   *Diversity Jurisdiction*

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."[18]  "[D]iversity jurisdiction requires complete diversity–if any plaintiff is a citizen of the same [s]tate as any defendant, then diversity jurisdiction does not exist."[19]  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division

---

[13] Mot. 3 ¶ 7.

[14] *Id*. ¶ 8.

[15] *Id*.

[16] *Id*. at 3–4 ¶ 9.

[17] *Id*. at 4–5 ¶ 12.

[18] 28 U.S.C. § 1332(a)(1).

[19] *Flagg v. Stryker Corp*., 819 F.3d 132, 136 (5th Cir. 2016).

embracing the place where such action is pending."[20]   Removal jurisdiction is determined "on the basis of the state court complaint at the time of removal."[21]

### B. Motion to Remand Under § 1447(c)

The federal removal statute, 28 U.S.C. § 1441(a), authorizes the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[22]  In order to remove a case based on diversity, the removing party must show that all of the requirements for diversity jurisdiction under 28 U.S.C. § 1332 have been met.  Thus, for removal to be proper, the moving party must demonstrate that none of the parties in interest properly joined are citizens of the same state as their adversaries.

The court must remand a case if, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[23]  In evaluating a motion to remand, the non-movant has the burden of establishing removal jurisdiction.[24]  Any doubts regarding the existence of removal jurisdiction should be resolved in favor of remand.[25]

### B. Improper Joinder

"[I]f the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject-matter jurisdiction over the remaining defendant."[23]  There are two ways to establish improper joinder:

---

[20] 28 U.S.C. § 1441(a).

[21] *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995).

[22] 28 U.S.C. § 1441(a).

[23] 28 U.S.C. § 1447(c).

[24] *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) ("The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper.").

[25] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).

[23] *Flagg*, 819 F.3d at 136 (citations omitted).

"(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[24]

As there is no allegation of actual fraud, the court will only consider whether Plaintiff can establish a cause of action against Colbert. Accordingly, the court must evaluate "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[25] "In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant."[26] "[T]he court should 'conduct a [Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)")] type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant."[27] "Ordinarily if the a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[28]

Rule 12(b)(6) instructs the court to dismiss a complaint for "failure to state a claim upon which relief can be granted."[29] "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[30] To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[31] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[32] "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the

---

[24] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[25] *Flagg*, 819 F.3d at 136 (quoting *id.*).

[26] *Id.* (quoting *Smallwood,* 385 F.3d at 574).

[27] *Id.* (quoting *Smallwood*, 385 F.3d at 573).

[28] *Id.*

[29] Fed. R. Civ. P. 12(b)(6).

[30] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (internal punctuation marks and citation omitted); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[31] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[33] Therefore, a complaint is not required to set out "detailed factual allegations," but does need to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[34] Although the court must accept well-pleaded allegations in a complaint as true, it does not afford conclusory allegations similar treatment.[35]

### III.    DISCUSSION

It is undisputed that both Plaintiff and Tarver are citizens of Texas. Accordingly, the only issue in dispute is whether Tarver was improperly joined. To resolve this dispute, the court must establish whether the defendant has successfully "demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[36] Defendants argue that Plaintiffs' Original Petition fails to state a claim against Tarver for which relief can be granted.[37] They allege that Plaintiffs failed to provide facts demonstrating what wrongful actions, if any, may be attributed specifically to Tarver.[38] Defendants apply this argument to Plaintiffs' claims under both Chapter 541 and Chapter 542 of the Texas Insurance Code, alleging that they fail to provide "any actionable facts related" specifically to Tarver.[39] The party seeking removal, however, "bears a heavy burden of proving that the joinder of the in-state party was improper."[40]

---

[33] *Id*. (citing *Twombly*, 550 U.S. at 556).

[34] *Twombly*, 550 U.S. at 555.

[35] *See Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

[36] *Flagg*, 819 F.3d at 136 (quoting *id.*).

[37] Notice of Removal 6 ¶ 2.12.

[38] *Id*. at 5 ¶ 2.11.

[39] Mot. 6 ¶ 16.

[40] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004), citing *Griggs*, 181 F.3d at 70.

Plaintiffs allege that Tarver was assigned as an adjuster, that he inadequately investigated the claim, that he failed to include all damages in his communications with Allstate, and that he undervalued the cost of the required repairs, leading to deficient payment from Allstate.[41]  If nothing else, Plaintiffs allege that Tarver failed to conduct a "reasonable investigation" of the property in violation of Tex. Ins. Code § 541.060(a)(7).  It is entirely plausible that Tarver's alleged failure to properly investigate the subject property resulted in Plaintiffs' losses.  Moreover, Texas law allows a party to sue an insurance adjuster in his individual capacity as an employee of the insurance company.  Under the Texas Insurance Code, a "person" is defined as an "individual, corporation, association, partnership, . . . or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster*, or life and health insurance counselor."[42]  Indeed, a "person who sustains actual damages may bring an action against another person [who engaged in] an unfair deceptive act or practice in the business of insurance."[43]  The Texas Supreme Court has made clear that this definition of "person" includes employees of insurance companies.[44]  As Texas law allows a plaintiff to sue an insurance company's employee, there is thus no reason to conclude that Plaintiffs' claims against Tarver could not survive a Rule 12(b)(6) motion to dismiss.  Accordingly, the court has a "reasonable basis" for concluding that the plaintiff might be able to establish a claim against Tarver.[45]

Defendants have failed to show either actual fraud in the pleading of jurisdictional facts or that Plaintiffs are unable to establish a cause of action against Tarver.  Accordingly, Tarver is a proper defendant in this suit.  As this court lacks jurisdiction, this cause must be remanded to state court.

---

[41] *Id*.

[42] Tex. Ins. Code § 541.002 (emphasis added).

[43] *Id*. § 541.151(1).

[44] *See Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484–86 (1998).

[45] *Irby*, 326 F.3d at 647.

### IV.     CONCLUSION

Based on the foregoing, "Plaintiffs' Juan Gallegos' and Marisela Gallegos' Opposed Motion to Remand and Memorandum of Law in Support," [ECF No. 4], is **GRANTED**.

**IT IS THEREFORE ORDERED** that this cause of action is **REMANDED** to El Paso County Court Law Number 5 in El Paso County, Texas, for further proceedings.  **IT IS FURTHER ORDERED** that the Clerk of the Court **CLOSE** this case.

**SO ORDERED**.

**SIGNED** this **19th** day of **July, 2017**.

                                                                                             _____
                                                                                             **FRANK MONTALVO**
                                                                                             **UNITED STATES DISTRICT JUDGE**